The People of the State of Illinois, Defendant in Error, v. Robert Susmarski and Donald McDonald, Plaintiffs in Error.

## Gen. No. 23,379.   (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. Hugo Pam, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 16, 1918.

### Statement of the Case.

Indictment by the People of the State of Illinois against Robert Susmarski and Donald McDonald, defendants, on the charge of criminal conspiracy. To reverse a judgment on a verdict finding them guilty, defendants prosecute this writ of error.

David Stansbury and Stephen A. Malato, for plaintiffs in error.

Maclay Hoyne, for defendant in error; George C. Bliss, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

1. Conspiracy, § 50*—*when evidence shows criminal.* On a prosecution for criminal conspiracy, evidence *held* to support a verdict finding defendants guilty.

2. Criminal law, § 570*—*when refusal of instruction is harmless error.* On a prosecution for criminal conspiracy, refusal to give an instruction requested by defendants is not ground for reversing a judgment against them where the subject-matter of such instruction is sufficiently covered by other instructions.

3. Criminal law, § 532*—*when admission of confession of an-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*other defendant may not be complained of as reversible error.* On a writ of error to reverse a judgment against defendants in a prosecution for criminal conspiracy, where the case was tried according to their own theory that a confession by another defendant, made out of plaintiff in error's presence, was admissible against the defendant making it, but should be disregarded as to plaintiff in error under proper instructions, which were given, the objection made to the admission of the confession being general and not relating to any particular part thereof, plaintiff in error will not be heard to object that the admission of the confession was reversible error.

4. CRIMINAL LAW, § 156a*—*when not error to admit confession of one defendant in prosecution for conspiracy.* It is not error, in a prosecution against several defendants for criminal conspiracy, to admit in evidence a confession made by one of such defendants not in the presence of others, to the admission of which only a general objection is made by such others, where the confession is such that no part thereof can be excluded and leave in intelligible form so much of it as is unquestionably admissible against the defendant making it.